**Miscellaneous Docket No. ___**

**UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

—————————————

**IN RE VIZIO, INC.,**

*Petitioner.*

—————————————

On Petition for a Writ of Mandamus to the
U.S. District Court for the Eastern District of Texas
No. 2:23-cv-00124-JRG-RSP, Hon. Rodney Gilstrap

—————————————

**PETITION FOR WRIT OF MANDAMUS**

—————————————

Zach ZhenHe Tan
AKIN GUMP STRAUSS HAUER
  & FELD LLP
100 Pine Street, Suite 3200
San Francisco, CA 94111
(415) 765-9500

Pratik A. Shah
Z.W. Julius Chen
Cono A. Carrano
AKIN GUMP STRAUSS HAUER
  & FELD LLP
2001 K Street, NW
Washington, DC 20006
(202) 887-4000
pshah@akingump.com

*Counsel for Petitioner VIZIO, Inc.*

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4(a) and Federal Rule of Appellate Procedure 26.1, counsel for Petitioner VIZIO, Inc. certifies the following:

1.     The full name of every party represented by the undersigned is VIZIO, Inc.

2.     VIZIO, Inc. is a wholly owned subsidiary of the publicly traded VIZIO Holding Corp.

3.     The names of all law firms, partners, and associates that have not entered an appearance in the appeal and appeared for the entity in the lower tribunal or are expected to appear for the entity in this Court, are:

> Akin Gump Strauss Hauer & Feld LLP:  George Andrew Lever Rosbrook; and Ryan Stronczer;
>
> Skiermont Derby LLP:  Paul Joseph Skiermont; Michael David Ricketts; Rex Hwang; Ryan Abbott Hargrave; and Steven Wayne Hartsell; and
>
> Ward, Smith & Hill, PLLC:  Charles Everingham, IV

5.     There are no related or prior cases that meet the criteria under Circuit Rule 47.5.

i

6.    There are no organizational victims in criminal cases pursuant to Federal Rule of Appellate Procedure 26.1(b) or debtors and trustees in bankruptcy cases pursuant to Federal Rule of Appellate Procedure 26.1(c).

Dated:  August 19, 2024                    */s/ Pratik A. Shah*
                                           Pratik A. Shah

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ............................................................... i

INTRODUCTION ................................................................................ 1

RELIEF SOUGHT ............................................................................... 2

ISSUE PRESENTED ........................................................................... 2

JURISDICTIONAL STATEMENT ...................................................... 2

STATEMENT OF FACTS .................................................................... 3

    A.    VIZIO's Venue Motion ................................................. 3

    B.    Pre-Trial Proceedings ................................................. 4

    C.    VIZIO's Efforts To Obtain A Venue Ruling .......................... 5

REASONS WHY THE WRIT SHOULD ISSUE .................................... 6

    A.    VIZIO Is Entitled To Resolution Of Its Venue Motion
        Before It Litigates Substantive Issues ................................ 7

    B.    VIZIO Has No Other Avenue For Relief ............................... 9

    C.    VIZIO's Request For Limited Relief Is Appropriate
        Under The Circumstances ................................................. 10

CONCLUSION ................................................................................... 14

# TABLE OF AUTHORITIES

<u>C</u><small><u>ASES</u></small>:

*Cheney v. United States Dist. Ct. for D.C.*,
    542 U.S. 367 (2004)...................................................................7

*Hassine v. Zimmerman*,
    160 F.3d 941 (3d Cir. 1998) .................................................7

*In re Apple Inc.*,
    979 F.3d 1332 (Fed. Cir. 2020) ..........................................8

*In re Google LLC*,
    949 F.3d 1338 (Fed. Cir. 2020) ........................................12

*In re Google, Inc.*,
    No. 2015-138, 2015 WL 5294800 (Fed. Cir. July 16, 2015) .............8, 9

*In re Netflix, Inc.*,
    No. 2021-190, 2021 WL 4944826 (Fed. Cir. Oct. 25, 2021)..................7

*In re Nintendo Co.*,
    544 F. App'x 934 (Fed. Cir. 2013) ...................................7, 9

*In re SK hynix Inc.*,
    835 F. App'x 600 (Fed. Cir. 2021) ...............................2, 8, 9

*In re TracFone Wireless, Inc.*,
    848 F. App'x 899 (Fed. Cir. 2021) ................................8, 10

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008) ..........................................2

*In re Volkswagen Grp. of Am. Inc.*,
    28 F.4th 1203 (Fed. Cir. 2022)........................................13

*In re ZTE (USA) Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018) ........................................13

*Knickerbocker Ins. Co. v. Comstock*,
    83 U.S. 258 (1872)..................................................................7

*Microlinc, LLC v. Intel Corp.*,
   No. 2:07-cv-488, 2010 WL 3766655 (E.D. Tex. Sept. 20,
   2010) ................................................................................ 11

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014) ......................................... 11

*Visto Corp. v. Sproqit Techs., Inc.*,
   445 F. Supp. 2d 1104 (N.D. Cal. 2006) ............................. 11

## STATUTES:

28 U.S.C.
   § 1295 ................................................................................ 2
   § 1331 ................................................................................ 2
   § 1338(a) ............................................................................ 2
   § 1400(b) ............................................................................ 3
   § 1651(a) ............................................................................ 2

## INTRODUCTION

In this patent infringement case, Petitioner VIZIO, Inc. seeks limited—but essential—relief that this Court has not hesitated to grant in the face of similar undue delay: a writ of mandamus directing the district court to rule promptly on VIZIO's venue motion, accompanied by an order staying further proceedings in the interim. VIZIO's motion has been fully briefed and ripe for disposition *for 13 months*. All the while, VIZIO has been forced to expend increasingly substantial resources litigating the core of the case, with a claim construction hearing a week away, discovery closing and dispositive motions due this fall, and trial slated for February 2025.

Having twice attempted to prompt the district court to act (or at least stay proceedings) in recent months, VIZIO has no recourse except to seek this Court's immediate intervention. Apart from the merits of VIZIO's strong motion, warranting dismissal for improper venue or at least transfer to a proper venue, VIZIO is entitled to a ruling before engaging in further substantive litigation. This Court has granted mandamus relief and ordered a stay when confronted with much shorter venue-related delays. It should grant the same relief here.

## RELIEF SOUGHT

VIZIO requests that this Court issue a writ of mandamus directing the district court to resolve promptly VIZIO's pending venue motion, and an order staying further proceedings until that motion is resolved.

## ISSUE PRESENTED

Whether VIZIO is entitled to a writ of mandamus and stay where the district court has failed to resolve VIZIO's venue motion for 13 months and has required VIZIO to participate in substantial merits proceedings in the interim.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this petition, which arises out of patent infringement litigation in the Eastern District of Texas, under the All Writs Act. 28 U.S.C. § 1651(a); *see also id.* §§ 1295, 1331, 1338(a). Mandamus is available "to correct a clear abuse of discretion or usurpation of judicial power," *In re TS Tech USA Corp.*, 551 F.3d 1315, 1318 (Fed. Cir. 2008), including delay in the resolution of an improper venue motion, *see, e.g.*, *In re SK hynix Inc.*, 835 F. App'x 600 (Fed. Cir. 2021).

## STATEMENT OF FACTS

VIZIO is a California corporation headquartered in Irvine, California. Appx18. It develops high-level specifications and software for televisions and other consumer electronics products, contracts with original design manufacturers to manufacture VIZIO-branded products, and sells those products in the United States—primarily to retailers such as Best Buy, Walmart, Target, and Sam's Club. *Id.*

Multimedia Technologies Pte. Ltd. is a Singapore corporation that acquired the patents asserted below. Appx75. Multimedia does not practice those patents. Appx232.

### A.    VIZIO's Venue Motion

In March 2023, Multimedia filed a complaint accusing VIZIO of infringing ten patents. In June 2023, as its first substantive filing, VIZIO moved to dismiss the complaint for improper venue under 28 U.S.C. § 1400(b). VIZIO explained that it does not maintain any office; own, rent, or lease any real estate; or maintain any manufacturing plants or other facilities in the Eastern District of Texas. Appx18.

In opposing VIZIO's motion to dismiss, Multimedia disputed none of those basic facts. Instead, Multimedia asserted that venue was proper based solely on the fact that VIZIO "utilizes" a "Distribution Facility"

within the District "to store and distribute its product inventory, pursuant to an agreement it has with [a third party,] iDC." Appx75-76. Multimedia also requested that if venue were found to be improper, the district court transfer the case to the Central District of California where VIZIO is headquartered. Appx94-95.

On reply, VIZIO explained that its agreement with iDC established that it was iDC, not VIZIO, that independently controlled operations at the Distribution Facility and determined how to perform the contractually agreed-upon services. Appx132-133. VIZIO also highlighted the absence of any evidence that any of its employees had a regular, physical presence at the Distribution Facility. Appx136-137. Finally, VIZIO agreed with Multimedia that the case could be transferred to the Central District of California if the district court were so inclined. Appx141.

### B.    Pre-Trial Proceedings

Briefing on VIZIO's pending venue motion was completed on July 19, 2023—13 months ago. In the meantime, despite having not even answered Multimedia's complaint given the pending motion, VIZIO has been forced to comply with numerous deadlines, including with respect

to infringement contentions, invalidity contentions, and related amendments and motions to strike. The parties have also conducted several depositions and completed claim construction briefing on August 9, 2024. Appx1-12.

Other substantive hearings and deadlines are fast approaching. Appx214-220. In particular, the district court has scheduled a claim construction hearing for August 27, 2024. Fact discovery is scheduled to close shortly thereafter on September 10, 2024. The parties' opening expert reports are due on September 24, 2024, with expert discovery scheduled to close on October 29, 2024. Dispositive motions, including *Daubert* motions and motions for summary judgment, are due on November 5, 2024. Pre-trial disclosures are then due on November 26, 2024, with trial set to begin February 10, 2025.

### C.    VIZIO's Efforts To Obtain A Venue Ruling

VIZIO has twice attempted to prompt respectfully the district court's resolution of its pending venue motion, to no avail. In May 2024—11 months after filing its initial motion—VIZIO filed a "Notice of Pending Issues." Emphasizing that "the claim construction process has begun," VIZIO "respectfully request[ed] a ruling *** at the Court's earliest

convenience with the hope of avoiding expending unnecessary judicial resources on claim construction and other discovery related issues." Appx174.

A month later, with no indication that the district court would issue a ruling soon, VIZIO sought a stay of further proceedings. Such relief, VIZIO argued, would give the district court "time to rule on the threshold issues before the [then] rapidly approaching [and now mostly past] deadlines for the *Markman* hearing, and before the close of fact discovery arrives." Appx180. Briefing on that stay request was completed on June 27, 2024. The district court has yet to rule on VIZIO's limited request for stay relief as well.

## REASONS WHY THE WRIT SHOULD ISSUE

VIZIO petitions for a writ of mandamus ordering the prompt resolution of its venue motion—which requests that the case be dismissed or, in the alternative, agrees to transfer to the Central District of California—and staying further proceedings in the interim. This Court considers such petitions under a familiar three-part standard, which asks: (i) whether VIZIO has a "clear and indisputable" right to the writ; (ii) whether VIZIO has "no other adequate means to attain the relief [it]

desires"; and (iii) whether "the writ is appropriate under the circumstances." *Cheney v. United States Dist. Ct. for D.C.*, 542 U.S. 367, 380-381 (2004). Given the significant 13-month delay, the district court's failure to resolve VIZIO's venue motion (or entertain VIZIO's stay request), and the limited relief that VIZIO seeks in this Court, all three requirements are satisfied.

## A.     VIZIO Is Entitled To Resolution Of Its Venue Motion Before It Litigates Substantive Issues

It is well settled that "delay by the district court [can] become so excessive as to warrant the issuance of a writ of mandamus." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998); *see also Knickerbocker Ins. Co. v. Comstock*, 83 U.S. 258, 270 (1872) (court may issue writ "to direct a subordinate Federal court to decide a pending cause"). In several recent cases, this Court has applied that principle to address long-pending improper venue motions.

As this Court has made clear, "a trial court *must* first address whether it is a proper and convenient venue *before* addressing any substantive portion of the case." *In re Nintendo Co.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) (emphases added); *see also In re Netflix, Inc.*, No. 2021-190, 2021 WL 4944826, at *1 (Fed. Cir. Oct. 25, 2021) ("Our

precedent and Fifth Circuit law entitle parties to have their venue motions prioritized over substantive proceedings in district court."). Accordingly, this Court has readily issued writs of mandamus instructing district courts to resolve venue motions that have been pending for as few as eight months, accompanied by orders staying proceedings in the interim. *See, e.g.*, *In re Google, Inc.*, No. 2015-138, 2015 WL 5294800 (Fed. Cir. July 16, 2015) (eight months); *In re TracFone Wireless, Inc.*, 848 F. App'x 899 (Fed. Cir. 2021) (nine months); *In re SK hynix, Inc.*, 835 F. App'x 600 (nine months).

VIZIO is entitled to the same relief. The 13-month delay it has suffered far outstrips the periods of delay that have justified mandamus in other instances. Like the alleged infringers in those cases, moreover, VIZIO has been forced to participate in claim construction, discovery, and other substantive proceedings that this Court has recognized as prejudicial—all before an answer to Multimedia's complaint has even been filed. *See In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (noting that district court was wrong to "barrel[] ahead on the merits in significant respects," including by "h[olding] a *Markman* hearing" and "issu[ing] its claim construction order," which are "two of the most

important and time-intensive substantive tasks" in a patent case); *In re Google*, 2015 WL 5294800, at *1 (noting "close of discovery" and the district court's "conducting [of] both a Markman hearing and a hearing related to several discovery disputes"); *In re SK hynix*, 835 F. App'x at 601 (noting "upcoming Markman hearing").[1]

### B.    VIZIO Has No Other Avenue For Relief

No other avenue (including a post-judgment appeal) will afford VIZIO meaningful relief—namely, resolution of its venue motion prior to further litigation over substantive issues.  As described above (pp. 5-6, *supra*), VIZIO has tried without success to obtain such a ruling directly from the district court by filing a "Notice of Pending Issues" in May 2024 and a motion to stay in June 2024.  Consequently, VIZIO has been required to engage in full claim construction briefing and ongoing discovery, including multiple depositions.

---

[1] Although this Court's prior orders involve principally motions to transfer venue, the admonition that "a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case" applies equally to motions to dismiss for improper venue.  *In re Nintendo*, 544 F. App'x at 941.  In any event, VIZIO has sought not only dismissal, but also has agreed to transfer in the alternative.  *See* p. 4, *supra*.

9

With a February 2025 trial fast approaching, VIZIO cannot reasonably wait any longer to seek relief from this Court. The case is entering critical stages, with the claim construction hearing scheduled for next week, fact discovery set to close in early September, and several other substantive deadlines and filings looming. Given the inaction on VIZIO's motion despite VIZIO's repeated prompting, this Court's immediate intervention as a matter of last resort is not only warranted but imperative. *See, e.g.*, *In re TracFone Wireless*, 848 F. App'x at 900 (granting writ after noting similar efforts by defendant to urge district court to resolve venue motion).

### C. VIZIO's Request For Limited Relief Is Appropriate Under The Circumstances

Mandamus and stay relief are appropriate—and necessary—to address the district court's 13-month delay and the burdens VIZIO has had (and will continue) to bear. Other considerations also weigh in favor of granting that relief.

*First*, Multimedia has no basis to press forward with this litigation in the Eastern District of Texas while venue remains unresolved. For one thing, Multimedia does not have an interest in litigating in an improper venue. For another, maintaining the status quo while the

district court issues a prompt ruling on the venue motion will not prejudice Multimedia.  Indeed, Multimedia does not make any products that practice the asserted patents; it seeks only monetary damages. Appx232; *see VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("A stay will not diminish the monetary damages to which [the plaintiff] will be entitled if it succeeds in its infringement suit[.]"); *Microlinc, LLC v. Intel Corp.*, No. 2:07-cv-488, 2010 WL 3766655, at *2 (E.D. Tex. Sept. 20, 2010) ("[S]ince [the patentee] does not manufacture or sell any products, or otherwise practice the patent, there is no risk of customer losses or of injury to market share during a stay.").

*Second*, granting mandamus and ordering a stay would also conserve party and judicial resources.  While the specter of dismissal remains, it makes no sense for the parties and the district court to conduct time-intensive discovery, motions practice, and trial preparation. Alternatively, the parties have agreed that should venue be found improper in the Eastern District of Texas, the district court may exercise its discretion to transfer this case to the Central District of California. Appx141.  Notably, however, any claim construction order issued by the district court would *not* be binding on a transferee court.  *See Visto Corp.*

*v. Sproqit Techs., Inc.*, 445 F. Supp. 2d 1104, 1107 (N.D. Cal. 2006) (district court "not bound to follow the [claim construction] decision of another district court").

*Third*, while VIZIO does not ask this Court to resolve the merits of its venue motion in the first instance, the strength of that motion confirms why the district court should not be permitted to constructively deny it through inaction. Multimedia's assertion of venue in the Eastern District of Texas is based solely on the fact that VIZIO contracted with a third party for services at a single "Distribution Facility"—that VIZIO did not control—within the District. *See* pp. 3-4, *supra*. Moreover, as Multimedia itself acknowledges even after being afforded the opportunity to conduct venue-specific discovery, there is no evidence that any VIZIO employees regularly visited the Distribution Facility. Appx87. Federal Circuit law plainly does not support venue on this record: "We conclude that a 'regular and established place of business' requires the regular, physical presence *of an employee or other agent of the defendant* conducting the defendant's business at the alleged 'place of business.'" *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020) (emphasis added).

12

Multimedia responds by first arguing that it should be entitled to an "infer[ence]" that VIZIO employees did perform regular visits due to the *absence* of any evidence to the contrary. Appx87. Of course, that inference cannot be squared with the principle that it is Multimedia's burden to prove proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013-1014 (Fed. Cir. 2018).

Multimedia next argues that iDC employees can be treated as agents of VIZIO in view of its agreement with iDC. Appx88. That agreement, however, does not grant VIZIO day-to-day control over iDC employees in running the Distribution Facility and leaves a considerable amount of discretion to iDC to perform agreed-upon services. Appx137-138. To find proper venue based on these facts would conflate an agreement (not present here) granting VIZIO the authority to exercise substantial and pervasive control over iDC employees (which could establish an agency relationship) with an agreement (like this one) merely "impos[ing] constraints" or "setting standards *** for acceptable service quality" (which does not). *In re Volkswagen Grp. of Am. Inc.*, 28 F.4th 1203, 1209-1210 (Fed. Cir. 2022). Particularly in light of this

Court's precedents, the district court should not be permitted to delay resolution of VIZIO's venue motion any further.

## CONCLUSION

For the foregoing reasons, VIZIO respectfully requests that the Court issue a writ of mandamus directing the district court to resolve promptly VIZIO's pending venue motion, as well as an order staying further proceedings until that motion is resolved.

Respectfully submitted,

/s/ Pratik A. Shah

| | |
|---|---|
| Zach ZhenHe Tan | Pratik A. Shah |
| AKIN GUMP STRAUSS HAUER | Z.W. Julius Chen |
| & FELD LLP | Cono A. Carrano |
| 100 Pine Street, Suite 3200 | AKIN GUMP STRAUSS HAUER |
| San Francisco, CA 94111 | & FELD LLP |
| (415) 765-9500 | 2001 K Street, NW |
| | Washington, DC 20006 |
| | (202) 887-4000 |
| | pshah@akingump.com |

*Counsel for Petitioner VIZIO, Inc.*

August 19, 2024

## CERTIFICATE OF COMPLIANCE

1.  This petition complies with the type-volume limitation of Federal Rule of Appellate Procedure 21(d)(1).  The petition contains 2,567 words, excluding the parts of the petition exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b).

2.  This petition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).  The petition has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook type style.

# CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2024, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Federal Circuit using the appellate CM/ECF system.

I also served the following Counsel for all parties to the case via email and overnight mail:

Christopher Gerson
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
212-756-2000
Fax: 212-593-5955
Email: chris.gerson@srz.com

Timothy Kelso Gilman
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
212-756-2000
Fax: 212-593-5955
Email: Tim.Gilman@srz.com

Charles Ainsworth
Parker Bunt & Ainsworth
100 E Ferguson
Suite 418
Tyler, TX 75702
903/531-3535
Email: charley@pbatyler.com

Erika Simonson
Schulte Roth & Zabel LLP
919 Third Ave
Schulte Roth & Zabel
New York, NY 10022
817-521-5713
Email: erika.simonson@srz.com

Robert S Pickens
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
212-756-2212
Fax: 212-593-5955
Email: robert.pickens@srz.com

Robert Christopher Bunt
Parker Bunt & Ainsworth
100 E Ferguson
Suite 418
Tyler, TX 75702
903/531-3535
Email: rcbunt@pbatyler.com

*/s/ Pratik A. Shah*
Pratik A. Shah